1  Daniel W. Maguire (SBN 120002)
   E-mail:  dmaguire@bwslaw.com
2  Kristin P. Kyle de Bautista (SBN 221750)
   E-mail:  kkyledebautista@bwslaw.com
3  BURKE, WILLIAMS & SORENSEN, LLP
   444 South Flower Street, Suite 2400
4  Los Angeles, CA  90071-2953
   Tel:  213.236.0600       Fax:  213.236.2700
5
6  Attorneys for Defendants, Unum Group,
   The Paul Revere Life Insurance Company,
   and New York Life Insurance Company
7

8              UNITED STATES DISTRICT COURT

9              SOUTHERN DISTRICT OF CALIFORNIA

10

11  MARVIN L. HORTON,                    Case No.  '16CV1411 BEN KSC

12              Plaintiff,               NOTICE OF REMOVAL OF CIVIL
                                         ACTION
13  v.
                                         [Diversity of Citizenship,
14  UNUM GROUP, THE PAUL                 28 U.S.C. § § 1332(a), 1441]
    REVERE LIFE INSURANCE
15  COMPANY, NEW YORK LIFE
    INSURANCE COMPANY, and
16  DOES 1 to 10 INCLUSIVE,

17              Defendants.

18

19

20       TO PLAINTIFF MARVIN L. HORTON AND HIS ATTORNEYS OF

21  RECORD:

22

23       Defendants Unum Group ("Unum"), The Paul Revere Life Insurance

24  Company ("Paul Revere"), and New York Life Insurance Company ("New York

25  Life") hereby serve their notice of removal of the above-entitled action to the

26  United States District Court for the Southern District of California, from the

27  Superior Court of the State of California, for the County of San Diego, and

28  respectfully aver:

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

## PLEADINGS AND PROCEEDINGS TO DATE

1.  On April 14, 2016, an action was commenced against Unum Group, The Paul Revere Life Insurance Company, and New York Life Insurance Company, and Does 1 to 10, inclusive, under Case Number 37-2016-00012382-CU-BC-CTL, by the filing of a Summons and Complaint in the Superior Court of the State of California, for the County of San Diego.

2.  On May 10, 2016, Defendants Unum, Paul Revere, and New York Life were served with a copy of the Summons and Complaint through their authorized agent for service of process, Corporation Service Company ("CSC").  Along with the Summons and Complaint, Defendants were served with a Civil Case Cover Sheet, and Notice of Case Assignment and Case Management Conference.  Copies of these documents are attached hereto as Exhibit A.

3.  The foregoing constitutes all the process, pleadings, and orders served upon Defendants to date.

4.  Removing Defendants are informed and believe that there has been no service of process upon Does 1 to 10, inclusive.

## GROUNDS FOR REMOVAL

5.  The action is a suit of a wholly civil nature brought in a California court.  Removal is based upon diversity of citizenship under 28 U.S.C. §§ 1332(a) and 1441(a).

/ / /

/ / /

Burke, Williams & Sorensen, LLP
Attorneys At Law
Los Angeles

LA #4818-0105-1442 v1

- 2 -

NOTICE OF REMOVAL OF CIVIL ACTION

1

## DIVERSITY OF CITIZENSHIP JURISDICTION

2

3      6.      This is a suit of a wholly civil nature brought in a California court, and

4  the action is pending in San Diego County Superior Court.  There is complete

5  diversity with respect to the Plaintiff, on the one hand, and removing Defendants on

6  the other.  Accordingly, under 28 U.S.C. § 84(d), the United States District Court

7  for the Southern District of California is the proper forum for removal.

8

9      7.      The Complaint alleges that Plaintiff Marvin L. Horton ("Horton") is,

10  and at relevant times was, a resident and citizen of San Diego County in the State of

11  California.  (Complaint, ¶ 1)

12

13      8.      Defendant Unum is, and at all relevant times was, a corporation

14  organized and existing under the laws of the State of Delaware, with its home office

15  in Chattanooga, Tennessee.  Executive officers of Unum, including its Chief

16  Executive Officer and Chief Financial Officer, have their offices in Chattanooga,

17  Tennessee and Portland, Maine, respectively.  No executive offices or executive

18  officers of Unum are located in California; likewise, no senior management

19  decisions of Unum are made in California.  Therefore, under the "nerve center" test

20  for diversity jurisdiction outlined in *Hertz Corporation v. Friend*, 559 U.S. 77, 130

21  S. Ct. 1181 (2010), Unum Group's "nerve center" is not in California.

22

23      9.      Defendant Paul Revere is, and at all relevant times was, a corporation

24  organized and existing under the laws of the Commonwealth of Massachusetts,

25  with its home office in Worcester, Massachusetts.  Executive officers of Paul

26  Revere, including its Chief Executive Officer and Chief Financial Officer, have

27  their offices in Portland, Maine.  No executive offices or executive officers of Paul

28  Revere are located in California; likewise, no senior management decisions of Paul

1  Revere are made in California.  Therefore, under the "nerve center" test for

2  diversity jurisdiction outlined in *Hertz Corporation v. Friend*, 559 U.S. 77, 130

3  S.Ct. 1181 (2010), Paul Revere's "nerve center" is not in California.

4

5        10.    Defendant New York Life is, and at all times relevant was, a mutual

6  life insurance company, organized under the laws of the State of New York, with its

7  home office located in New York, New York.  Executive officers of New York

8  Life, including its Chief Executive Officer and Chief Financial Officer, have their

9  offices in New York, New York.  No executive offices or executive officers of New

10  York Life are located in California; likewise, no senior management decisions of

11  New York Life are made in California.  Therefore, under the "nerve center" test for

12  diversity jurisdiction outlined in *Hertz Corporation v. Friend*, 559 U.S. 77, 130

13  S.Ct. 1181 (2010), New York Life's "nerve center" is not in California.

14

15        11.    Removing Defendants are informed and believe that Defendants, Does

16  1 through 10, have not been served with the Summons and Complaint, and have not

17  appeared in this action.  By reason of the provisions of 28 U.S.C. § 1441(a), these

18  fictitious Doe Defendants are to be disregarded for purposes of removal.  *Fristoe v.*

19  *Reynolds Metal Co.*, 615 F.2d 1209 (9th Cir. 1980); *Salveson v. Western States*

20  *Bankcard Ass'n*, 731 F.2d 1423 (9th Cir. 1984).

21

22  **<u>AMOUNT IN CONTROVERSY SATISFIED</u>**

23

24        12.    The amount in controversy in this action exceeds the sum of $75,000,

25  exclusive of interest and costs.  Under the Federal Court's Jurisdiction and Venue

26  Clarification Act of 2011, even though the amount in controversy is not specified in

27  Plaintiff's Complaint, Defendants need only state the amount in controversy to

28  establish diversity jurisdiction.  28 U.S.C. § 1446(c)(2).  The amount in controversy

for jurisdictional purposes is determined by the amount of damages or the value of the property that is the subject of the action. *Hunt v. Washington State Apple Advertising Comm.*, 432 U.S. 333, 97 S. Ct. 2434 (1977); *Bell v. Preferred Life Assurance Soc'y*, 320 U.S. 238, 240, 64 S. Ct. 5, 6 (1943); *Cain v. Hartford Life and Acc. Ins. Co.*, 890 F. Supp. 2d  1246, 1249-1251 (C.D. Cal. 2012) (jurisdictional limit met with claims for bad faith damages); *Campbell v. Hartford Life Ins. Co.*, 825 F. Supp. 2d 1005, 1008 (E.D. Cal. 2011); *Simmons v. PCR Technology*, 209 F. Supp. 2d 1029 (N.D. Cal. 2002) (jurisdictional threshold may be satisfied by attorney's fees, emotional distress damages and punitive damages); *Conrad Assoc. v. Hartford Acc. & Indemn. Co.*, 994 F. Supp. 1196, 1198 (N.D. Cal. 1998) (jurisdictional minimum may be satisfied by claims for special and general damages, attorneys' fees and punitive damages); *Richmond v. Allstate Ins. Co.*, 897 F. Supp. 447, 449-50 (S.D. Cal. 1995).

13.     In measuring the amount in controversy, a court must assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002).  "The ultimate inquiry is what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will actually owe." *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008).

14.     Plaintiff's Complaint alleges damages for breach of contract and breach of the implied covenant of good faith and fair dealing, as well as prayers for relief including contractual, consequential damages, emotional and mental distress damages, punitive damages, attorneys' fees, pre-judgment interest, and costs.  As such, the amount in controversy in this action exceeds $75,000, exclusive of interest and costs, for the reasons described below.

15.    According to the Complaint, Plaintiff was insured under two individual disability income policies issued by New York Life and administered by Paul Revere ("the Policies").  (Complaint, ¶ 8)  According to Plaintiff's allegations, pursuant to the Policies, Defendants insured Plaintiff and are obligated to pay a total of $2,150 in monthly benefits for 24 months for his alleged total disability due to right knee and cardiac conditions.  (Complaint, ¶¶ 8, 14)  Plaintiff alleges that Defendants' *sua sponte* retroactive approval of an earlier disability claim for depression dating back to November 2007, denied him entitlement to a new and second 24-month period of disability benefits under the Policies.  (Complaint, ¶ 17)  Plaintiff alleges he has complied with all obligations under the Policies, but that Defendants have refused to pay his more recent claim for disability benefits.  (Complaint, ¶ 18)

16.    Benefit-related Damage Claims:  Plaintiff alleges that Defendants have improperly refused to pay his claim for benefits under the Policies.  He seeks recovery of 24 months of disability benefits under each of the Policies.  (Complaint, ¶¶  19, 20)

a.    For his First Cause of Action for Breach of Contractual Duty, Plaintiff seeks relief of (1) benefits due under the insurance policies; (2) consequential damages in a sum according to proof; (3) attorneys' fees in an amount to be shown according to proof; (4) interest provided by law; and (5) costs of suit.  (Prayer, First Cause of Action ¶ A-E)  Policy No. H3053466 provides for $1,150 per month in benefits for a total of 24 months.  Policy No. H2725361 provides for $1,000 per month in benefits for a total 24 months.  No benefits have been paid, such that the full monthly benefits at stake amount to $51,600.  *See Cain*, 890 F. Supp. 2d at 1249-1251 (confirming amount in controversy requirement satisfied where

/ / /

1     disability contract damages were $20,101, and Plaintiff asserted damages for bad

2     faith).

3           b.      Under his Second Cause of Action for Breach of the Covenant of

4     Good Faith and Fair Dealing ("bad faith"), Plaintiff likewise alleges he is entitled to

5     benefits under the Policies, as well as general and consequential damages. (Prayer,

6     Second Cause of Action ¶¶ A-C)

7

8          17.     Tort-related Damage Claims: Plaintiff has also alleged significant

9     damage claims in his Second Cause of Action for Breach of the Covenant of Good

10    Faith and Fair Dealing, including:

11         a.      Attorneys' fees, in an amount to be shown according to proof (Prayer,

12    Second Cause of Action ¶¶ E);

13         b.      General and special damages, including damages for emotional and

14    mental distress (Complaint, ¶ 28; Prayer, Second Cause of Action ¶ A &C);

15         c.      Punitive damages (Prayer, Second Cause of Action ¶ D);

16         d.      Attorneys' fees (Prayer, Second Cause of Action ¶ E);

17         e.      Pre-judgment interest (Prayer, Second Cause of Action ¶ F); and

18         f.      Costs of suit and for such other and further relief as the court deems

19    proper. (Prayer, Second Cause of Action ¶ G)

20

21          18.     In a case such as this, "[t]he jurisdictional minimum may be satisfied

22    by claims for special and general damages, punitive damages, and attorneys' fees."

23    *Simmons*, 209 F. Supp. 2d at 1031. In *Campbell v. Hartford Life Insurance*

24    *Company*, 825 F. Supp. 2d 1005, 1006-1009 (E.D. Cal. 2011), the Court denied a

25    motion for remand where only $10,000 in life insurance benefits were at stake by

26    finding that amount, in combination with plaintiff's damage claims for bad faith,

27    would exceed the jurisdictional minimum. This case is no different. Plaintiff

28    / / /

Horton's damage claims, including attorneys' fees, emotional distress, and punitive damages, ensure that this case exceeds the threshold limit for diversity jurisdiction.

19.     Under federal law, if attorneys' fees are recoverable by Plaintiff, by statute or contract, the fee claim is included in determining the amount in controversy.  *See Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 698 (9th Cir. 2007) (upholding district court's denial of removal where district court considered potential award of attorney's fees in reaching its decision); *Goldberg v. CPC Int'l*, 678 F.2d 1365 (9th Cir. 1982).  Under California law, attorneys' fees are recoverable to the extent they were expended in the pursuit of contract damages, assuming a plaintiff can prove that the insurance company acted in "bad faith." *Brandt v. Superior Court*, 37 Cal. 3d 813 (1985).  When assessing the amount in controversy, the court may consider the amount of attorneys' fees to be accrued throughout the entirety of the litigation.  *See Campbell*, 825 F.Supp.2d at 1009 (holding that because attorney's fees attributable to the prosecution of plaintiff's breach of contract cause of action are recoverable via her bad faith claim, such fees were to be included in determining the amount in controversy).  Here, Plaintiff has asserted a claim for breach of the covenant of good faith and fair dealing and has requested attorneys' fees under *Brandt*.  (Prayer, Second Cause of Action ¶ E)

20.     A fee claim alone, even if unspecified, can satisfy the amount in controversy requirement based on a court's experience and case authority regarding other *Brandt* fee awards.  *See Cain*, 890 F. Supp. 2d at 1250 (finding court can determine, within its own experience, that an attorneys' fee award alone will satisfy the amount in controversy requirement); see, e.g., *Hangarter v. Provident Life and Acc. Ins. Co.*, 373 F.3d 998, 1005 (9th Cir. 2004) (awarding $750,000 for attorneys' fees in bad faith action involving disability policy); *Major v. W. Home Ins. Co.*, 169 Cal. App. 4th 1197 (2009) (awarding $189,000 in attorney fees in homeowners'

bad faith action against insurer); *Campbell*, 825 F. Supp. 2d at 1009 (finding that even a minimal award of attorneys' fees would surpass the jurisdictional minimum when Plaintiff alleged compensatory damages claim of $60,000).

21.     Likewise, California law authorizes the recovery of emotional distress damages if proven in an action for breach of the implied covenant of good faith and fair dealing against an insurer, just as Plaintiff has alleged.  (Complaint, ¶ 28) *Gruenberg v. Aetna Ins. Co.*, 9 Cal. 3d 566, 580 (1973) (authorizing the recovery of emotional distress damages in an action for bad faith against an insurer).  The amount in controversy may also include bad faith consequential damages if they are recoverable as a matter of state law, and it cannot be said to a legal certainty that plaintiff would under no circumstances be entitled to recover the jurisdictional amount.  *Anthony v. Security Pacific Financial Services, Inc.*, 75 F.3d 311, 315 (7th Cir. 1996).  Damages in insurance bad faith cases which are proven up by a plaintiff have exceeded the amount necessary to satisfy this Court's amount in controversy requirement for diversity jurisdiction.  *See, e.g., Cain*, 890 F.Supp.2d at 1250-1251 (finding removal proper where jurisdictional threshold met by accepting as true plaintiff's emotional distress allegations regarding nonpayment of disability benefits); *Richmond*, 897 F.Supp. at 450-451 (removal proper because plaintiff's emotional distress damages were potentially substantial); *Ace v. Aetna Life Ins. Co.*, 40 F.Supp.2d 1125 (D. Alaska 1999) (jury verdict initially awarded $27,009 for wrongful denial of disability benefits and $100,000 for emotional distress); see also *Velez v. Roche*, 335 F.Supp.2d 1022, 1038-40 (N.D. Cal. 2004) (surveying cases awarding emotional distress damages and concluding "that substantial jury awards of hundreds of thousands of dollars for non-economic damages have been upheld where there is evidence ... that the plaintiff suffered heightened mental anguish"); *Clayton v. United Services Auto Assn.*, 54 Cal.App.4th 1158 (1997) (emotional distress award of $400,000 for insurance bad faith).  Allegations of emotional

distress damages are properly included in evaluating the amount in controversy in this case.

22.    Finally, Plaintiff seeks punitive damages under California law which should be considered in meeting the amount in controversy requirement.  (Prayer, Second Cause of Action ¶ D)  *See Gibson v. Chrysler Corp.*, 261 F.3d 927 (9th Cir. 2001) ("It is well established that punitive damages are part of the amount in controversy in a civil action."); *Simmons*, 209 F.Supp.2d at 1033, 1035 (finding the jurisdictional minimum "clearly satisfied" based on wage losses of $25,600 and the "alleged compensatory, punitive, emotional distress damages"); *James Dickey, Inc. v. Alterra America Insurance Co.*, 2015 WL 4537732, at *2 (C.D. Cal. 2015) (finding jurisdictional threshold met when considering even the smallest potential punitive damage award for a case involving alleged loss of $31,671.29).  Jury verdicts in insurance bad faith cases in which punitive damages are proven up and awarded routinely exceed $100,000.  As just one example, in *Filippo Industries, Inc. v. Sun Insurance Co.*, 74 Cal.App.4th 1429 (1999), the jury awarded plaintiff $850,000 in breach of contract damages (the remaining balance of the policy limit), along with tort damages for bad faith of $4.125 million, and punitive damages of $750,000.

23.    Accordingly, under several different potential damage theories, Defendants have demonstrated that it is "more likely than not" that the amount in controversy in this case exceeds $75,000.

## TIMELINESS OF REMOVAL

24.    The Summons and Complaint in this action were served upon Defendants Unum, Paul Revere, and New York Life on May 10, 2016.  This Notice

1  of Removal is filed within 30 days of May 10, 2016, and within one year of the date

2  of commencement of the action.  This removal is therefore timely under 28 U.S.C.

3  § 1446(b).

4

5                                   **<u>VENUE</u>**

6

7       25.    This is a suit of a wholly civil nature brought in a California court.

8  The action is pending in San Diego County, California and, accordingly, under

9  Title 28 United States Code §§ 84(d) and 1441(a), the United States District Court

10 for the Southern District of California, is the proper forum for removal.

11

12      WHEREFORE, Defendants Unum Group, The Paul Revere Life Insurance

13 Company, and New York Life Insurance Company pray that the above-referenced

14 action now pending in the San Diego County Superior Court, State of California,

15 Case No. 37-2016-00012382-CU-BC-CTL, be removed from that Court to this

16 United States District Court.

17

18 DATED:  June 8, 2016                    BURKE, WILLIAMS & SORENSEN, LLP

19

20                                        By:  *s/ Daniel W. Maguire*
                                              DANIEL W. MAGUIRE
21                                            KRISTIN P. KYLE DE BAUTISTA
                                              Attorneys for Defendants, Unum Group,
22                                            The Paul Revere Life Insurance
                                              Company, and New York Life Insurance
23                                            Company
                                              E-mail:  dmaguire@bwslaw.com
24                                            E-mail:  kkyledebautista@bwslaw.com

25

26

27

28

Burke, Williams &
Sorensen, LLP
Attorneys At Law
Los Angeles

LA #4818-0105-1442 v1                - 11 -          NOTICE OF REMOVAL OF CIVIL ACTION